IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVON LYNN PRATHER,<br><br>Defendant. | CR 24-83-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Kevon Lynn Prather has been accused of violating the conditions of his supervised release. (Doc. 49). Prather admitted the alleged violations. Prather's supervised release should not be revoked. Prather shall remain on supervised release subject to the same terms and conditions imposed upon him by the United States District Court, District of Idaho on July 25, 2022. (Doc. 2-3).

## II. Status

On January 12, 2022, Prather plead guilty in the District Court of Idaho to the offense of Possession With Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B) as charged in Count 1 of the Indictment. (Doc.

2). Prather was sentenced to Time Served followed by 8 years of supervised release. (Doc. 2). Prather's current term of supervised release began on July 25, 2022. Prather's supervision was transferred to the District of Montana on October 8, 2024. (Doc. 2).

**Petition**

On May 15, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Prather's supervised release. (Doc. 6). The Petition alleged that Prather had violated the conditions of his supervised release by: (1) costuming alcohol on May 13, 2026.

**Initial appearance**

Prather appeared before the Court on May 26, 2026. Prather was represented by counsel. Prather stated that he had read the Petition and that he understood the allegations against him. Prather waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on May 26, 2026. Prather admitted that he had violated the conditions of his supervised release as set forth in the Petition. Prather's was placed on sober link device for 90 days and his sentencing was continued until September 15, 2026.

**Amended Petition**

On August 14, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Prather's supervised release. (Doc. 17). The Amended Petition alleged that Prather had additionally violated the conditions of his supervised release by: (2) failing to conduct a timely Sober Link breathalyzer test on June 15, 2026; (3) failing to conduct a timely Sober Link breathalyzer test on July 18, 2026; (4) failing to conduct a timely Sober Link breathalyzer test on July 23, 2026; and (5) tampering with a sweat patch making it unsuitable for testing on August 7, 2026.

**Second Initial appearance**

Prather appeared before the Court on September 15, 2026. Prather was represented by counsel. Prather stated that he had read the Amended Petition and that he understood the allegations against him. Prather waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Second Revocation hearing**

The Court conducted a revocation hearing on September 15, 2026. The Court noted that Prather had previously admitted allegation 1 of the Amended Petition. Prather then admitted that he had further violated the conditions of his supervised

release as set forth in allegations 2-5 of the Amended Petition. Prather's admitted violations 1-5 are serious, but do not warrant revocation of his supervised release at this time..

**Sentencing Hearing**

Prather appeared before the Court on September 15, 2026. Prather's violations are Grade C. His criminal history category is III. Prather's underlying offense is a Class B felony. Prather could be incarcerated for up to 36 months. Prather could be ordered to remain on supervised release for 96 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Prather's supervised release should not be revoked. Prather shall remain on supervised release subject to the same terms and conditions imposed upon him by the United States District Court for District of Idaho on July 25, 2022. (Doc. 2-3). This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Prather that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Prather of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Prather that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

That KEVON LYNN PRATHER has violated the conditions of his supervised release by: (1) consuming alcohol on May 13, 2026: (2) failing to conduct a timely Sober Link breathalyzer test on June 15, 2026; (3) failing to conduct a timely Sober Link breathalyzer test on July 18, 2026; (4) failing to conduct a timely Sober Link breathalyzer test on July 23, 2026; and (5) tampering with a sweat patch making it unsuitable for testing on August 7, 2026.

The Court **RECOMMENDS**:

That the District Court continue Prather's supervised release subject to the same terms and conditions imposed upon him by the United States District Court for District of Idaho on July 25, 2022. (Doc. 2-3).

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 15th day of September 2026.

John Johnston
United States Magistrate Judge